IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-CV-00455-M-RJ

ROSALIND LOWE,

    Claimant,

v.

MARTIN O'MALLEY,
*Commissioner of Social Security*,

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert B. Jones, Jr. DE 19. Judge Jones recommends that this court affirm the final decision of the Commissioner. *Id.* Claimant filed a timely objection to the M&R. DE 20. She objects on two grounds, claiming that the Magistrate Judge (1) should not have recommended affirming the Commissioner's decision as the ALJ did not adequately address two state consultants' medical reports; and (2) applied the incorrect legal standard in determining the medical necessity of Claimant's handheld assistance device. DE 20 at 3, 7.

## I.    Standard of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any

explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Security Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This does not require "a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, the evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although a court should not "reflexively rubber-stamp the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. It is enough for the reviewing court' to ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to their conclusions." *Id.* (cleaned up).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

2

## II. Analysis

Claimant does not object to the M&R's "Statement of the Case," "Standard of Review," "Disability Evaluation Process," or "ALJ's Findings" sections. After careful review and finding no clear error with those sections, the court adopts and incorporates by reference those portions of the M&R as if fully set forth herein. *See Diamond*, 416 F.3d at 315.

### A. Objection #1

Claimant first objects on the grounds that the Magistrate Judge recommended affirming a decision that insufficiently addressed two state medical consultants' reports. DE 20 at 3. Both reports indicate Claimant has a moderate limitation in her ability to concentrate, persist, or maintain pace. DE 8 at 132, 194. The ALJ considered these reports "somewhat persuasive," finding that a moderate limitation was adequately accounted for by limiting Claimant to simple instructions and occasional social interactions and by excluding assembly line work and work that requires hourly quotas. *Id.* at 21. Claimant argues that the ALJ did not provide a legally sufficient explanation as to why the medical consultants' conclusions were not more fully embraced. DE 20 at 3. This is incorrect.

The Social Security Administration regulations describe a five-step process that an ALJ must undertake when making a disability determination. 20 C.F.R. § 416.920(a)(4). Important here is the interlude between steps three and four. Here, an ALJ must assess a claimant's residual functional capacity ("RFC"), which is "the most the claimant can do despite physical and mental limitations that affect [his or] her ability to work." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (cleaned up). To make this assessment, the ALJ must consider "all of the claimant's medically determinable impairments of which the ALJ is aware." *Id.* When considering how a

3

mental impairment impacts a claimant's RFC, the ALJ must determine the extent to which a claimant can "concentrate, persist, or maintain pace." § 416.920a(c)(3). It is not sufficient to simply ask whether a claimant can perform "simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638. Instead, an ALJ must specifically assess a claimant's ability to stay on task. *Id.*

Notably, the RFC determination "must always consider and address medical source opinions." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). If the determination "conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

First, despite Claimant's contention, the ALJ did not "reject" the state agency consultants' conclusions. *See* DE 20 at 3. Both reports conclude that Claimant has a moderate limitation in her ability to concentrate, persist, or maintain pace. DE 8 at 132, 194. The first states that "while [Claimant's] attention and concentration may vary, they are sufficient for the completion of simple tasks," and while Claimant does not have consistent problems with persistence, her "work activity may be interrupted by increased anxiety at times." *Id.* at 132. The second report largely concurs, using much of the same language but adding that "motivational issues due to variations in mood could impact task completion at times." *Id.* at 194. The ALJ did not disagree; indeed, she found both reports to be "somewhat persuasive." *Id.* at 22. She incorporated into her RFC calculation that

> [t]he claimant can understand and remember simple instructions and can maintain attention, concentration, and persistence to carry out simple instructions. The claimant cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. The claimant can use judgment to make simple work-related decisions. The claimant can occasionally interact with supervisors, coworkers and the public. The claimant can deal with infrequent changes in a routine work setting.

4

*Id.* at 16–17.

Claimant overstates the reports' conclusions. They do not suggest a crippling inability to perform simple tasks. Instead, they use much softer language, describing how Claimant's persistence issues "may" or "could" interfere with her work "at times." *Id.* at 132, 194. The ALJ's findings substantially comport with these descriptions. In fact, the only difference is the ALJ's objection that the first report did "not include specific limitations to interaction." *Id.* at 22. And this distinction benefits Claimant. It results in the inclusion of more limitations in the RFC. Regardless, the ALJ considered the medical reports, and to the extent her ultimate findings differed, she explained why. *See* SSR 96-8p.

Claimant also argues that the RFC did not account for the anxiety described in the reports. DE 20 at 6. This too is unfounded. The ALJ brought up the need for a limitation addressing Claimant's "difficulties in social settings and issues with interpersonal skills and emotional regulation." DE 8 at 22. Then, she addressed that herself, limiting Claimant to (1) simple work-related judgments, (2) occasional interaction with supervisors and coworkers, and (3) infrequent changes in a routine work setting. *Id.* at 16–17. All three of these limitations address anxiety.

Claimant resists this conclusion, suggesting that if the ALJ intended these limitations to account for anxiety, she needed to say so explicitly. DE 22 at 3. That is incorrect. *Sizemore v. Berryhill*, on which Claimant relies, did involve a limitation of "low stress non-production jobs with no public contact." 878 F.3d 72, 81 (4th Cir. 2017). The ALJ explicitly defined what "low stress" was to be understood to mean. *Id.* at 79. But *Sizemore* does not require any magic words or mandate that an ALJ define exactly what level of stress a claimant can endure. *See generally id.* Instead, an ALJ must build "an accurate and logical bridge from the evidence to their

5

conclusions." *Arakas*, 983 F.3d at 95. The ALJ here did that by highlighting Claimant's difficulties in social settings and then immediately implementing three limitations that would reduce the complexity Claimant's work and limit her interactions with other people. The ALJ may not have used the words "anxiety" or "low stress," but these limitations were clearly implemented for the same purposes.

Therefore, because the ALJ adequately considered both state consultants' medical reports and incorporated into her RFC calculation limitations on Claimant's anxiety, the court affirms the Commissioner's final decision over the first objection.

### B. Objection #2

Claimant's second objection concerns her use of a cane. DE 20 at 7. The Magistrate Judge and the ALJ concluded that there was no medical documentation establishing the need for the cane, so neither evaluated its potential effect on Claimant's RFC. DE 19 at 12; DE 8 at 14. Claimant argues that they committed error by holding that subjective, lay evidence did not qualify as medical documentation. DE 20 at 7. The relevant regulation, she contends, does not limit evidence in this way, and regardless, she proffered both subjective testimony of her need for a cane and objective evidence in the form of a physical examination report. *Id.* at 7, 9. The court disagrees.

The requirement of a hand-held assistance device may impact an individual's RFC. *Daniel v. Berryhill*, 2018 WL 4134844, at *5 (E.D.N.C. July 13, 2018), *adopted by*, 2018 WL 4113340 (E.D.N.C. Aug. 29, 2018). When considering whether an ALJ failed to properly consider the claimant's use of such a device, district courts in the Fourth Circuit have consistently referred to SSR 96-9p. *Id.* This regulation provides that "[t]o find that a hand-held assistance device is medically required, there must be medical documentation establishing the need for a hand-held

6

assistance device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9, 1996 WL 374185, at *7 (July 2, 1996). A claimant's subjective testimony that she use such a device is insufficient to meet this standard. *See Scottie J.D. v. O'Malley*, 2024 WL 2746799, at *6 (M.D.N.C. May 29, 2024) (cleaned up); *see also Morrison v. Saul*, 2021 WL 795190, at *4 (W.D.N.C. Mar. 2, 2021) ("[Claimant] offers no medical evidence regarding his cane or the circumstances he needs it for. Instead, he offers his own lay testimony and cites examination findings regarding his lower extremities. But that evidence merely describes Mr. Morrison's symptoms—it does not provide medical documentation establishing that Mr. Morrison needed the cane because no provider ever stated that Mr. Morrison needed the cane, only that he sometimes presented with one.").

Claimant's first argument concerns the burden of persuasion. She argues that the Magistrate Judge incorrectly required Claimant to prove her need for an assistance device by "medical necessity" as opposed to by a "preponderance of the evidence." DE 20 at 7. This argument confuses the burden of persuasion with the terms of the regulation. Yes, an ALJ's decision must generally be based on the preponderance of the evidence. 20 C.F.R. § 404.953(a). But this burden must be applied against something. Here, when determining whether Claimant's use of a cane should affect her RFC, the ALJ would have had to find, by a preponderance of the evidence, that Claimant's medical documentation established a need for the device. The Magistrate Judge did not hold otherwise, so he did not err.

Second, Claimant argues that her subjective testimony should have been considered medical documentation. DE 20 at 8. In support of this conclusion, she points to several other regulations where the Social Security Administration specifically requires objective evidence,

7

arguing that if it intended to require objective evidence, it knew how to say so. *See, e.g.*, SSR 16-3p; 19-4p. This ignores the caselaw recognizing that self-reporting is insufficient to prove medical necessity of a hand-held assistance device. *See Scottie J.D.*, 2024 WL 2746799, at *6; *Morrison*, 2021 WL 795190, at *4; *Thomas H. v. Berryhill*, 2018 WL 10806837 (W.D. Va. Aug. 27, 2018). After all, any lay testimony about the use of a cane would merely describe Claimant's symptoms; it would provide no information as to whether it is necessary, and if so, to what extent. *See Morrison*, 2021 WL 795190, at *4. Claimant's testimony about her use of a cane was appropriately excluded from what the ALJ considered as medical documentation.

Finally, the court dispenses with Claimant's argument that she provided objective medical documentation describing her need for a cane. To support this conclusion, Claimant points to a physical examination where the physician noted, "[Claimant] is now using a cane for ambulation." DE 8 at 944, 1203. The problem, again, is that this is descriptive, not prescriptive. The physician noting that Claimant occasionally uses a cane is not a medical opinion showing that it is necessary. The acknowledgment would appear in the report regardless of whether Claimant used the cane out of necessity or whether she used it for peace of mind. The ALJ had no medical evidence specifying where on the spectrum Claimant fell, as all she had to consider was a statement that Claimant was in fact using a cane. The ALJ was not, therefore, required to consider the cane's effect on the RFC because Claimant did not provide medical documentation establishing a need. *See* SSR 96-9p.

Therefore, because the ALJ applied the correct legal standard and had substantial evidence to conclude that Claimant did not have a medical need for a cane, the Commissioner's final is affirmed over the second objection.

8

## III. Conclusion

For the foregoing reasons, the court ADOPTS the M&R in full and AFFIRMS the final decision of the Commissioner. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Claimant and counsel of record, and close this case.

SO ORDERED this 25th day of September, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE